```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATHY FONDRK, Administrator   )
      of the Estate of        )
      Kristen Tatar,           )
      Plaintiff,               )
                              )
      v.                       )   Civil Action No. 04-0900
                              )
WESTMORELAND COUNTY, et al.,  )
      Defendants              )
                              )
      v.                       )
                              )
ARMSTRONG COUNTY, at al.,     )
      Defendants and Third    )
      Party Plaintiffs,       )
                              )
      v.                       )
                              )
JAMES TATAR and JANET CRAWFORD )
      Third Party             )
      Defendants.             )
```

## MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                June 16, 2006

This is an action in civil rights arising out of the death of Kristen Tatar, a minor. Defendants Pennsylvania State University, Pennsylvania State University for its Cooperative Extension and Outreach - Westmoreland County, and Nancy Wallace ("the Penn State Defendants") have filed a motion to dismiss [doc. no. 89]. In their motion, the Penn State Defendants argue that all claims against them should be dismissed because plaintiff has failed to state a claim under any legal theory.

For the reasons set forth below, the motion is denied.

I.     BACKGROUND

The parties are familiar with the facts and circumstances of this case, and we need not restate them here. In January 2006, the court granted plaintiff leave to file a Second Amended Complaint to add the Penn State Defendants to this case. Plaintiff alleges that the Penn State Defendants, which provided services to the Tatar family pursuant to written contracts with Westmoreland County, participated in violating Kristen Tatar's Constitutional rights. Plaintiff also alleges that the Penn State Defendants are liable under various state law theories for their role in the death of Ms. Tatar.

The Penn State Defendants have filed a motion to dismiss all claims against them. In their motion, the Penn State Defendants argue that the Constitutional, wrongful death, survival, and contract claims are barred by the statute of limitations. They further argue that punitive damages are not available under Pennsylvania's wrongful death statute. Finally, defendants contend that Pennsylvania law does not recognize a separate cause of action for spoilation of evidence and does not allow an incidental beneficiary to bring a breach of contract action.

2

II.     STANDARD OF REVIEW

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end, or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. In this regard, the court will not dismiss a claim merely because the factual allegations do not support the particular legal theory advanced. Rather, the court is under a duty to independently examine the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory. See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 337 & n.40 (2d ed. 1990); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

III.    DISCUSSION

   A.   Statute of Limitations

The Penn State Defendants have moved to dismiss Counts I, II, III, IV, VI, VII, and VIII of the Second Amended Complaint on the ground that they are barred by the statute of limitations. Plaintiff contends that these counts were timely because they relate back to this case's original filing date under Federal

3

Rule of Civil Procedure 15(c)(3). The Court of Appeals for the Third Circuit requires that three conditions be met in order for an amendment to properly "relate back" under that Rule: (1) that the newly added claim arises out of the same conduct, transaction or occurrence; (2) that the newly named party received notice of the action within 120 days of the complaint's original filing and will not suffer prejudice; and (3) that, within the same period of time, the newly named party knew or should have known that "but for a mistake", the party would have been named in the original complaint. Arthur v. Maersk, Inc., 434 F.3d 196, 207 (3d Cir. 2006).

As an initial matter, we note that the Federal Rules of Civil Procedure require that the affirmative defense of the statute of limitations be pleaded in the answer. Fed.R.Civ.P. 12(b). However, under the so-called "Third Circuit Rule" a limitations defense can be raised by a motion under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (citing Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a

dismissal of the complaint under Rule 12(b)(6)."  Id. (citing Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).

We cannot, at the motion to dismiss stage, decide whether plaintiff will be able to satisfy the three part, relation back test.  As we stated in our January 26, 2006 ruling granting plaintiff leave to amend the complaint to add these defendants, "we currently lack the information needed under the Rules to make a ruling on [the relation back] issue."  The circumstances, and evidence, on this issue, have not changed since the filing of that opinion.

Our ruling does not prevent these defendants from raising the statute of limitations as a defense.  We have not, and cannot in this procedural context, make factual findings regarding notice, prejudice, or the Penn State Defendants' knowledge regarding their involvement in this case.  After discovery is completed and there is a factual record upon which the court can make such determinations, we can revisit the statute of limitations issue in a properly presented motion for summary judgment, if appropriate.  The Penn State Defendants' motion to dismiss Counts I, II, III, IV, VI, VII, and VIII on statute of limitations grounds is denied.

### B. <u>Punitive Damages</u>

The Penn State Defendants have moved to strike plaintiff's claims for punitive damages under Pennsylvania's wrongful death statute. Plaintiff concedes that punitive damages are not available under Pennsylvania's wrongful death statute. Thus, the claims for punitive damages in Counts II and VI will be stricken by agreement.

### C. <u>Breach of Contract - Third Party Beneficiary Action</u>

The Penn State Defendants have moved to dismiss Counts IV and VIII on the ground that plaintiff, as an incidental, rather than a third-party, beneficiary, lacks standing to sue for breach of the contracts between Westmoreland County and Penn State. Plaintiff contends that her claims are viable under Pennsylvania law. In large part, resolution of this issue depends on whether federal or state law applies to plaintiff's breach of contract claims.

Plaintiff has invoked this court's federal question subject matter jurisdiction by asserting a claim under 42 U.S.C.A. § 1983 in Count I of the Second Amended Complaint. Counts II through X all assert state law claims, over which this court has supplemental jurisdiction. Included among these state law claims are third party beneficiary breach of contract claims. Under the

Erie doctrine, Pennsylvania substantive law must be applied to these contract claims. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938); Comm'r of Internal Revenue v. Estate of Bosch, 387 U.S. 465 (1967) (applying Erie doctrine in a federal question case); United Mine Workers of Amer. v. Gibbs, 383 U.S. 715 (1966) (finding that a federal court exercising supplemental jurisdiction must apply state law to state claims); Three Rivers Motors Comp. v. The Ford Motor Company, 522 F.2d 885, 888-89 & n.5 (3d Cir. 1975) (whatever the basis for federal jurisdiction, the Erie doctrine applies to any issue or claim that has its source in state law).

Under Pennsylvania law, the intention of the parties and "compelling circumstances" must be considered when determining whether a party is a third party beneficiary of a contract. We cannot make determinations regarding the parties' intent and whether circumstances are compelling in this case on a motion to dismiss. Therefore, the Penn State Defendants' motion to dismiss Counts IV and VIII is denied.

### D. Spoliation Cause of Action

Finally, the Penn State Defendants have moved to dismiss Counts V, IX, and X on the ground that Pennsylvania does not recognize an independent cause of action for spoliation of

7

evidence. Plaintiff contends that the Pennsylvania Supreme Court has never foreclosed a spoliation claim under the circumstances of this case, and that, therefore, the claims survive a motion to dismiss.

We deny defendants' motion to dismiss the spoliation claims for several reasons. First, the court of appeals's opinion in Caleb, on which the Penn State Defendants principally rely, was designated by the court as not precedential. Caleb v. CRST, Inc., 43 Fed. Appx. 513, 517 (3d Cir. 2002). Second, the facts in Caleb are distinguishable from this case. In Caleb, plaintiff filed an independent law suit alleging that defendant's spoliation caused her to loose her products liability action in state court. Here, the spoliation claim has been brought as part of another case. In addition, here, there are allegations that the spoliation was done intentionally.

Third, both parties recognize that the Pennsylvania Supreme Court has never addressed this issue. And fourth, as a practical matter, even were we to dismiss the spoliation claim at this stage of the proceedings, plaintiff would nevertheless properly subject these defendants to the same discovery on this issue in order to support a motion for sanctions based on the alleged spoliation. As such, under the deferential motion to dismiss standard, and the circumstances of this case, we will allow the

claims to proceed.  The Penn State Defendants' motion to dismiss Counts V, IX, and X is denied.

IV.    CONCLUSION

     For the foregoing reasons, the Penn State Defendants' motion to dismiss is denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHY FONDRK, Administrator of the Estate of Kristen Tatar, Plaintiff, | )<br>)<br>)<br>)<br>) |
| v. | ) Civil Action No. 04-0900<br>) |
| WESTMORELAND COUNTY, et al., Defendants | )<br>)<br>) |
| v. | )<br>) |
| ARMSTRONG COUNTY, at al., Defendants and Third Party Plaintiffs, | )<br>)<br>)<br>) |
| v. | )<br>) |
| JAMES TATAR and JANET CRAWFORD Third Party Defendants. | )<br>)<br>) |

### ORDER

Therefore, this 16th day of June, 2006, IT IS HEREBY ORDERED that defendants' motion to dismiss [doc. no. 89] is DENIED.

IT IS FURTHER ORDERED that the claims for punitive damages in Counts II and VI of the Second Amended Complaint [doc. no. 66] have been stricken by agreement.

BY THE COURT:

_____ J.

cc:   All Counsel of Record

10