Case 2:04-cv-00900-GLL   Document 165   Filed 04/26/07   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
CATHY FONDRK, Administrator  )
 of the Estate of            )
 Kristen Tatar,              )
         Plaintiff,          )
                             )
     v.                      )    Civil Action No. 04-0900
                             )
WESTMORELAND COUNTY, et al., )
         Defendants          )
                             )
     and                     )
                             )
ARMSTRONG COUNTY, at al.,    )
         Defendants and Third)
         Party Plaintiffs,   )
                             )
     v.                      )
                             )
JAMES TATAR and JANET CRAWFORD )
         Third Party         )
         Defendants.         )
```

ORDER

Pursuant to a March 14, 2007 order of court [doc. no. 158], the Penn State defendants have produced unredacted copies of documents attached as Exhibits B and E to plaintiff's motion to compel [doc. no. 148] for in camera review. The Penn State defendants contend that the "Attorney/Client Privilege applies to all [redacted portions of the] documents." Plaintiff has challenged defendants' assertion of the privilege.

Following our review, we find that limited portions of the documents are protected by the attorney-client privilege. Those portions can be redacted, as described in detail below. All other portions of Exhibits B and E must be produced to

plaintiffs, unredacted, within five business days of the entry of this order on the court's docket.

Exhibit B:

- September 15, 2003 e-mail from N. Wallace to B. Bernatowicz:  Defendants may redact the text following "Thanks for the letter to Bill and Kim." and prior to the sentence beginning "I also told Pam to separate her notes...."

- September 14, 2003 e-mail from B. Bernatowicz to W. Devlin, et al.:  Defendants may redact the fifteenth paragraph, following "...the difference between her monthly reports already submitted and other." and prior to "Also, as the day was long...".  Defendants may also redact the twentieth paragraph following "...be in the middle" and prior to "That's the update of Friday!"

Exhibit E:

- October 13, 2004 e-mail from N. Wallace to G. Sheppard, et al.:  Defendants may redact the sentence following "...if I make an okay substitute." and prior to "She will have her records with her."

- September 8, 2005 e-mail from A. Kalp to N. Wallace:  Defendants are directed to redact the final two words

2

of the fourth sentence, referring to the family name of a pending case due to privacy interests.

In reaching ths ruling, we take note of the following principles:

The fact that an attorney and a client have communicated is not protected by the attorney-client privilege. <u>Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.</u>, 32 F.3d 851, 862 (3d Cir. 1994).

The attorney-client privilege is waived once the client alludes to the substance or content of the privileged communication in the presence of a third party. <u>Hunt v. Blackburn</u>, 128 U.S. 464 (1888); <u>U.S. v. Rockwell International</u>, 897 F.2d 1255, 1265 (3d Cir. 1990).

The privilege attaches to the communication itself, not to facts communicated by, or to, an attorney. <u>Upjohn Co. v. U.S.</u>, 449 U.S. 383, 395-96 (1981).

BY THE COURT,

Dated: April 26, 2007

_____, J.

cc: All Counsel of Record